IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| NIGHTINGALE COLLEGE, <br><br> Plaintiff, <br><br> vs. <br><br> TRAVIS L. BAILEY, <br><br> Defendant. | ORDER AND MEMORANDUM DECISION <br><br> Case No. 2:21-cv-99-TC-JCB |

On February 19, 2021, pro se defendant Travis Bailey removed this case from Utah state district court. On March 12, 2021, Plaintiff Nightingale College filed a motion asking this court to remand the case for various reasons, including Mr. Bailey's failure to file a timely notice of removal. For the reasons set forth below, the Motion to Remand is granted.

### FACTS

On July 27, 2020, Nightingale College (the College) filed a complaint against Mr. Bailey. The College alleged claims for violation of the Utah and the federal anti-cybersquatting acts, tortious interference with economic relations, and injurious falsehood. After the College amended its complaint, it served the new pleading on Mr. Bailey on August 10, 2020. (See Ex. A to Mot. Remand, ECF No. 7 (showing date that proof of service was filed).)

Mr. Bailey then asked the state court to dismiss the case for lack of personal jurisdiction. On January 26, 2021, the state court denied that motion and ordered Mr. Bailey to file an answer to the amended complaint no later than February 9, 2021. (See Jan. 26, 2021 Order Denying

1

Mot. to Dismiss for Lack of Personal Jurisdiction, ECF No. 4-45 (ordering Mr. Bailey to file a written answer to the Amended Complaint no later than fourteen days from the date of the January 26, 2021 Order).) Mr. Bailey did not file an answer to the Amended Complaint, and on February 18, 2021, the College filed an application for default judgment with the state court. The next day, Mr. Bailey removed the action to this court.

In the Notice of Removal (ECF No. 1), which Mr. Bailey titled "Civil Action for False Claim," he states that the court has federal question jurisdiction and includes factual allegations more akin to a complaint. In fact, he raises a counterclaim against the College, which he calls a whistleblower claim under 31 U.S.C. § 3729 ("False Claims") and 41 U.S.C. § 4712 ("Enhancement of contractor protection for reprisal from disclosure of certain information"). He then asserts that "[r]emoval is timely under 28 U.S.C. § 1446(b) because thirty (30) days have not yet expired since Bailey was served with the denial of the motion to dismiss." (Id. at 3.)

The College moves the court to remand the case, arguing that removal was not timely and that Mr. Bailey has not established subject matter jurisdiction. Mr. Bailey has not filed an opposition brief and the time for doing so has passed (the brief was due March 26, 2021).

The court recognizes that on April 5, 2021, Mr. Bailey did file a motion requesting permission to amend his notice of removal. (ECF No. 14.) In that motion, he says he wants to add a federal cause of action against the College and he presents more allegations to support the merits of his claim. But he does not address the procedural deficiencies of his notice of removal or the arguments in the College's motion to remand.

## ANALYSIS[1]

The removal statute, 28 U.S.C. § 1446, gives a defendant thirty days to remove the case:

> The notice of removal of a civil action or proceeding shall be filed <u>within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading</u> setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1) (emphasis added).

Because the College served Mr. Bailey with the Amended Complaint (the "initial pleading")[2] on August 10, 2020, Mr. Bailey was required to file his notice of removal by September 9, 2020. His February 19, 2021 Notice of Removal was filed more than five months late.

Still, Mr. Bailey contends that his notice was timely. He measures the thirty-day period from the date he received the state court's order denying his motion to dismiss for lack of personal jurisdiction. If that were the triggering event, then, yes, his removal would be timely. But the date the state court served him with the order is not the relevant date.

A plaintiff must remove the action within thirty days of the initial pleading when that pleading provides "clear and unequivocal notice" of the right to remove the case. <u>Akin v. Ashland Chem. Co.</u>, 156 F.3d 1030, 1036 (10th Cir. 1998). "[T]he key to determining the date

---

[1] Because Mr. Bailey is proceeding pro se, the court construes his pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court must not assume the role of advocate on behalf of a pro se litigant. <u>Id.</u> And pro se litigants are not excused from the obligation to understand and comply with the procedural rules of the court. <u>Ogden v. San Juan Cty.</u>, 32 F.3d 452, 455 (10th Cir. 1994).

[2] The College's timeliness argument centers on the date it served Mr. Bailey with its amended complaint, not its original complaint. The original complaint may have been the initial pleading, but the record does not contain proof that Mr. Bailey was served with that version of the College's claims against him. The difference is not material because under either scenario, the removal was late.

from which the clock begins to run is when the defendant is able to 'intelligently ascertain removability.'" Id. (quoting Ardison v. Villa, 248 F.2d 226, 227 (10th Cir. 1957)).

The Amended Complaint unmistakably asserts a claim for violation of the Federal Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d). The College's claim gives this court original jurisdiction because it raises a federal question, 28 U.S.C. § 1331, and the federal removal statute provides that a civil action filed in state court that raises a federal question may be removed. 28 U.S.C. § 1441(a).

Mr. Bailey had unequivocal notice that the case was removable. Yet he filed his notice of removal more than five months after receiving that notice. Accordingly, he did not comply with the removal statute's strict thirty-day filing deadline, and the court must remand the case. See Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982) ("Removal statutes are to be strictly construed and all doubts are to be resolved against removal.") (internal citations omitted); Bachman v. Fred Meyer Stores, Inc., 402 F. Supp. 2d 1342, 1345 (D. Utah 2005) ("The thirty-day time limitation set forth in 28 U.S.C. § 1446(b) is not a jurisdictional requirement, 'but it is a procedural requirement that is strictly enforced.'") (quoting McShares, Inc. v. Barry, 979 F. Supp. 1338, 1343 (D. Kan.1997)).

## ORDER

For the reasons set forth above, the court GRANTS Plaintiff's Motion to Remand to Utah State District Court (ECF No. 7). Mr. Bailey's April 5, 2021 Motion to Amend/Correct Notice of Removal (ECF No. 14) is denied as moot. The other remaining motions—the "Pro Se Motion for Email Filing and Notification" (ECF No. 11) and the "Motion to Not Allow Plaintiff Access to Sensitive Medical Information (ECF No. 12)—are also denied as moot. The Clerk of the

Court is directed to return this case to the Third District Court for the State of Utah.

DATED this 9th day of April, 2021.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge